UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JENICA IGOE,                                      :
                  Plaintiff,              :
                                          :            **OPINION AND ORDER**
v.                                                :
                                          :            18 CV 3846 (VB)
VILLAGE OF RED HOOK and TRAVIS                    :
STERRITT, sued in his individual capacity,        :
                  Defendants.             :
--------------------------------------------------------------x

Briccetti, J.:

       Plaintiff Jenica Igoe brings this 42 U.S.C. § 1983 action against the Village of Red Hook and Police Officer Travis Sterritt alleging false arrest, malicious prosecution, a Fourteenth Amendment equal protection violation, and failure to train Red Hook police officers.

       Before the Court is defendants' partial motion to dismiss the amended complaint pursuant to Rule 12(b)(6). (Doc. #17). Defendants do not move to dismiss plaintiff's malicious prosecution claim.

       For the reasons set forth below, defendants' motion is GRANTED IN PART and DENIED IN PART.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

       In deciding the pending motion, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

       In June 2017, the Red Hook Police Department received complaints that plaintiff was gardening topless in her yard. Several police officers, but not Officer Sterritt, told plaintiff of the

1

complaints and advised her to cover her nipples. Plaintiff purchased "pasties" and wore them while gardening outdoors.

In August 2017, the Red Hook Police Department received two complaints from an individual who alleged plaintiff was "fully exposed from the waist up" in her yard. (Am. Compl. ¶ 11). Police also received a photograph showing plaintiff wearing pasties while gardening outside. (Id. ¶ 12).

On August 24, 2017, Officer Sterritt arrested plaintiff without a warrant and charged her with two counts of public lewdness, a misdemeanor, in violation of New York Penal Law § 245.00. That statute provides, in pertinent part:

> A person is guilty of public lewdness when he or she intentionally exposes the private or intimate parts of his or her body in a lewd manner or commits any other lewd act: (a) in a public place, or (b) (i) in private premises under circumstances in which he or she may readily be observed from either a public place or from other private premises, and with intent that he or she be so observed . . . .

On September 28, 2017, a Red Hook Town Justice dismissed the charges against plaintiff, allegedly finding it would be unconstitutional to prosecute plaintiff under Section 245.00 for gardening topless outdoors.

## DISCUSSION

I. Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the sufficiency of the complaint under the "two-pronged approach" outlined by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements as a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a

2

court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

II. False Arrest

Defendants argue Officer Sterritt is entitled to qualified immunity on plaintiff's false arrest claim because he had arguable probable cause to arrest plaintiff for a lesser offense—exposure of a person, in violation of New York Penal Law § 245.01.

The Court disagrees.

Probable cause to arrest is a complete defense to a false arrest claim. See Stansbury v. Wertman, 721 F.3d 84, 89 (2d Cir. 2013). Probable cause to arrest exists when an officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (quoting Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010)).

Even if an officer lacked probable cause to make an arrest, "[a]n officer is entitled to qualified immunity from a federal false arrest and imprisonment claim if he had arguable probable cause to arrest the plaintiff for any offense, regardless of the offense with which the plaintiff was actually charged." Kass v. City of New York, 864 F.3d 200, 206 (2d Cir. 2017).

3

"Arguable probable cause exists when it was objectively reasonable for the officer to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met." Id. To determine whether an officer's conduct is objectively reasonable, courts look to "the information possessed by the officer at the time of the arrest," not "the subjective intent, motives, or beliefs of the officer." Garcia v. Does, 779 F.3d at 92 (quoting Amore v. Novarro, 624 F.3d 522, 536 (2d Cir. 2010)).

Here, at this early stage of the case, the Court cannot conclude Officer Sterritt had arguable probable cause to arrest plaintiff for either public lewdness in violation of Section 245.00, or exposure of a person in violation of Section 245.01. Section 245.01 provides: "A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed." The statute further provides that "private or intimate parts" include a woman's breast "below the top of the areola."

The New York Court of Appeals, however, refused to apply Section 245.01 to topless women protesting in a Rochester, New York, park. See People v. Santorelli, 80 N.Y.2d 875, 877 (1992). Recognizing the statute was originally enacted to discourage topless waitresses and their promoters, the court found the statute does not apply to the noncommercial exposure of a woman's breasts. Id. Since then, no court has upheld the arrest of a woman for the noncommercial exposure of her breasts, and the media has widely recognized the holding in Santorelli as allowing women in New York to be topless in public.[1]

Accepting plaintiff's allegations as true and drawing all reasonable inferences in her favor, in light of Santorelli, it was neither objectively reasonable for Officer Sterritt to believe

---

[1] See, e.g., James C. McKinley Jr., Topless in Times Square: A Legal View, N.Y. Times, Aug. 20, 2015, https://www.nytimes.com/2015/08/21/nyregion/topless-in-times-square-a-legal-view.html.

that probable cause existed, nor could reasonably competent officers have disagreed on whether there was probable cause for the arrest. Therefore, Officer Sterritt is not entitled to qualified immunity. Defendants may raise this issue again on summary judgment, if appropriate.

Accordingly, plaintiff's false arrest claim may proceed.

III. Equal Protection

Defendants argue plaintiff fails to state an equal protection claim because she fails to argue Section 245.00 or its application in the instant case violates her constitutional rights.

The Court agrees.

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state a claim for an equal protection violation, plaintiff must allege "a government actor intentionally discriminated against [her] on the basis of race, national origin or gender." Hayden v. Cty. of Nassau, 180 F.3d 42, 48 (2d Cir. 1999). She can allege intentional discrimination by showing (i) a facially discriminatory law; (ii) a facially neutral law motivated by discriminatory animus that, when applied, results in a discriminatory effect; or (iii) a facially neutral law applied in a discriminatory fashion. Id.

Plaintiff does not allege public lewdness under Section 245.00 is a facially discriminatory law, that it was adopted with discriminatory intent and had a discriminatory effect, or that it was applied in a discriminatory fashion. Plaintiff argues instead that exposure of a person under Section 245.01 is discriminatory because "males within the Village of Red Hook[] engage in [the same conduct] throughout the summer without fear of arrest." (Pl. Br. at 9). Importantly, however, plaintiff was not charged with exposure under Section 245.01. She was charged with public lewdness under Section 245.00. Plaintiff cannot allege her equal protection rights were

5

violated by the enforcement of a statute with which she was not, in fact, charged. Therefore, plaintiff fails plausibly to allege facts supporting an equal protection violation.

Accordingly, plaintiff's equal protection claim must be dismissed.

IV. Monell Claim

Defendants argue plaintiff fails to state a failure-to-train claim or allege municipal responsibility based on authorization from the chief of police.

The Court agrees.

A municipality may be liable for deprivation of constitutional rights under Section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("Monell"). A municipality may also be liable for inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. See City of Canton, Ohio v. Harris, 489 U.S. 378, 388–89 (1989). Moreover, "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a Monell claim absent supporting factual allegations. Davis v. City of New York, 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008).

Plaintiff relies solely on her own arrest to allege Red Hook failed properly to train its officers as to what constitutes lewd conduct under Section 245.00. Plaintiff fails to mention any other alleged incidents in Red Hook involving the statute, much less any other alleged misapplications of the statute. Furthermore, she alleges no facts plausibly to demonstrate Red Hook's police chief was involved in her arrest or authorized it.

Therefore, plaintiff fails plausibly to allege a Monell claim, and plaintiff's Monell claim must be dismissed.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's false arrest and malicious prosecution claims may proceed. All other claims are dismissed.

Defendants shall file an answer by March 18, 2019.

The Clerk is instructed to terminate the motion. (Doc. #17).

Dated: March 4, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge